CHESTER CHILD *versus* JOHN COFFIN AND OTHERS.

The statute of 1808, c. 65, § 6, authorizing the levying of executions against manufacturing corporations upon the bodies and estates of the individual corporators in a certain case, does not authorize the extent of such an execution upon the estate of a corporator who died before the commencement of the action.

BY the statute of 1808, *c.* 65, § 6, it is enacted, that whenever any execution shall issue against any manufacturing corporation thereafter created, and such corporation shall not, within fourteen days after demand made upon the president, treasurer, or clerk of such corporation, by the officer holding the execution, show to him sufficient real or personal estate to satisfy and pay the sums due on such execution, the officer shall serve and levy the same upon the body or bodies, and real or personal estate or estates, of any member or members of such corporation.

The demandant, *Child,* in March, 1819, recovered a judgment against the *Southbridge Manufacturing Company,* a corporation duly created, and delivered his execution to an officer for service, who demanded satisfaction thereof from the treasurer of the corporation, but without effect. The execution was then [ * 65 ] delivered to another officer, who *levied the same upon the land demanded in this action, as the estate of which one *Levi Mills* had died seised.

The said *Mills,* in September, 1817, purchased a share in the capital stock of the said. corporation, and retained the same until his death in the following November.

The tenants are the heirs at law of the said *Mills.*

Upon these facts appearing at the trial before the chief justice, at the last April term in *Ipswich,* a nonsuit was directed, subject to the opinion of the whole Court.

*Mosely,* for the demandant. The only difficulty arises from the circumstance of *Mills* dying before the levy of the execution and rendition of the judgment. But in other cases of contract, the estate of a deceased contractor is still liable; and an equitable construction of the statute, and such a one as would give to it the operation clearly intended by the legislature, will sustain the demandant's title in this case.

*Pickering* and *Gerrish,* for the tenants.

*By the Court.* There is no question in our minds, respecting the constitutional authority of the legislature to enact the law on which the demandant's claim to the land is predicated. Indeed, considering the well-known condition of many of the manufacturing

corporations in the state, the necessity of legislative interposition for the safety of their creditors cannot be doubted. But we must give to the statute such a construction as shall not go beyond its necessary intendment. The provision is, that a creditor, in a certain case, may levy his execution upon the body or estate of any member of the corporation. This must be understood of such as were members at the time of the commencement of the action, and of those only. In the case before us, *Mills*, whose estate was seized and levied upon, had ceased by his death to be a member of the corporation before the suit was brought. His estate was not then liable within the intent of the statute, and the demandant acquired no title to the demanded premises by his levy.

*Judgment for the tenants.*

[ * 66 ]

## * STEVENSON RICHARDS *versus* NATHAN BLOOD.